IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DiNARDO | : | CIVIL ACTION |
| v. | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | : | NO. 12-7007 |

MEMORANDUM

Bartle, J.                                                             October 17, 2013

      Plaintiff Michael DiNardo ("DiNardo") has sued his insurer, the defendant State Farm Mutual Automobile Insurance Company ("State Farm"). He seeks uninsured motorist benefits as a result of injuries he suffered on November 23, 2008 when he was struck by a motor vehicle while riding a bicycle. Before the court is the motion of State Farm for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For the reasons discussed below, State Farm maintains that DiNardo is estopped from recovering any damages other than for loss of future earnings. There is no genuine dispute as to any material fact. See Fed. R. Civ. P. 56(a).

      On November 19, 2009, almost a year after his accident, DiNardo filed a Chapter 7 bankruptcy petition in the Eastern District of Pennsylvania. In re Michael DiNardo, #09-BK-18821. In his petition, he identified his uninsured motorist claim against State Farm as an asset on Schedule B and on Schedule C listed it as property claimed to be exempt from the bankrupt

estate under 11 U.S.C. § 522(d)(5)[1] and (d)(11)(D).[2] In each instance, he stated the value of the property as $20,200. However, on January 5, 2010, DiNardo amended Schedule B and reduced the current value of the property to $0.00. On amended Schedule C, he described the property as "DiNardo v. State Farm Insurance" and in the column under "Law Providing Each Exemption" he wrote "11 U.S.C. § 522(d)(11)(E)." That provision exempts from the bankrupt estate "a payment in compensation of loss of future earnings of the debtor ..."

The Bankruptcy Court granted him a bankruptcy discharge on April 8, 2010 and the matter was closed on April 19, 2010. This lawsuit followed. State Farm removed it to this court from

---

1. Title 11 U.S.C. § 522(d)(5), at the relevant time period, read in part (see 11 U.S.C. § 104):

> (d) The following property may be exempted under subsection (b)(1) of this section:
>
> (5) The debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount of the exemption provided under paragraph (1) of this subsection.

2. Title 11 U.S.C. § 522(d)(11)(D), at the relevant time period, provided (see 11 U.S.C. § 104):

> (11) The debtor's right to receive, or property that is traceable to –
>
> (D) a payment, not to exceed $20,200, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent;

-2-

the Court of Common Pleas of Philadelphia County on December 13, 2012.

State Farm argues that as a result of his statements in amended Schedule C to his bankruptcy petition, DiNardo is estopped from claiming here anything other than loss of future earnings. State Farm relies primarily on <u>Oneida Motor Freight, Inc. v. United Jersey Bank</u>, 848 F.2d 414 (3d Cir. 1988). There, Oneida had filed a petition under Chapter 11 of the Bankruptcy Code. One of the creditors was United Jersey Bank. Thereafter, in August 1986, the court confirmed Oneida's Joint Plan of Reorganization. The following year, Oneida sued the Bank for breach of credit agreement which had been the subject of the bankruptcy proceeding. The District Court dismissed the complaint for failure of Oneida to have identified in the bankruptcy proceeding the claim or property at issue in the lawsuit.

The Court of Appeals, affirming the District Court, explained that bankruptcy law requires a debtor to list for the benefit of creditors all the debtor's interests and property rights. In identifying assets and liabilities, a debtor must disclose "adequate information" about them. <u>See</u> 11 U.S.C. § 1125. The Court of Appeals held that Oneida's claim against the Bank was barred by the doctrine of judicial estoppel.[3] Under

---

3. The Court of Appeals also invoked the doctrine of equitable estoppel on the ground that Oneida had failed to identify a claim in the bankruptcy proceeding against the Bank, which was a
(continued...)

that doctrine, a party is precluded "from assuming a position in a legal proceeding inconsistent with one previously asserted." Oneida, 848 F.2d at 419. Since the then existing property claim had not been identified in the bankruptcy petition, it could not be the subject of a later lawsuit after the conclusion of the bankruptcy proceeding. See also, In re The Drexel Burnham Lambert Group, Inc., 160 B.R. 508, 513-14 (S.D.N.Y. 1993).

DiNardo counters that unlike the debtor in Oneida, he disclosed his property claim against State Farm in the amended Schedules B and C. He also references the February 4, 2010 letter from Lynn E. Feldman, Esquire, the bankruptcy trustee, to DiNardo's personal injury lawyer, Paul Benn, Esquire. The letter reads:

> This letter will confirm our telephone conversation of January 21, 2010, concerning the personal injury claim of your client, Michael DiNardo.
>
> You advised that this is a first party claim against Mr. DiNardo's own insurance company. The injury was an aggravation of a pre-existing back injury. This was a soft tissue injury.
>
> Based upon our conversation and the information you provided regarding the nature and scope of injuries, I will be abandoning the case and closing my file.
>
> Please call if you have any questions.

---

3. (...continued)
creditor. State Farm was not a creditor in DiNardo's bankruptcy proceeding.

We agree that DiNardo disclosed his property claim against State Farm in the bankruptcy proceeding. While it is true that in amended Schedule C the claimed property exemption was described as his loss of future earnings in "DiNardo v. State Farm Insurance," amended Schedule B listed without limitation "DiNardo v. State Farm Insurance" under the column "other personal property of any kind not already listed." In contrast to the exemption claimed in amended Schedule C, amended Schedule B did not confine the description of his property claim to loss of future earnings. The description of an asset and the description of what a debtor asserts to be an exempt part of an asset on separate schedules of a bankruptcy petition are two different matters. State Farm focuses on amended Schedule C and ignores amended Schedule B.

Moreover, the bankruptcy trustee was well aware of the nature of DiNardo's personal injury claim against State Farm before she abandoned it. From the letter she wrote, there is no indication that only loss of his future earnings was involved. Once abandoned by the trustee, the claim was no longer a part of the bankruptcy estate and re-vested in DiNardo. 11 U.S.C. §§ 554(a)-(c).

It is not decisive that DiNardo placed no specific dollar value on his claim against State Farm. At that early stage, any valuation would have been pure speculation.

Accordingly, because DiNardo expansively identified his property as "DiNardo v. State Farm Insurance" on amended Schedule

-5-

B, judicial estoppel does not bar any part of his claim in his present lawsuit. The motion of State Farm for partial summary judgment will be denied.

ENTERED
OCT 17 2013
CLERK OF COURT